## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD BRUCE HARTNETT, *as the Fiduciary Trustee of the other* LIVING TRUST OF ARNOLD L. & BETTE M. HARTNETT,

       *Plaintiff,*

vs.

       Case No. 18-CV-01045-EFM-GEB

THE FARM SERVICE AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

       *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Ronald Bruce Hartnett, Fiduciary Trustee of the Living Trust of Arnold L. & Bette M. Hartnett filed a Complaint asserting claims under 42 U.S.C. § 1983 and other federal statutes based upon alleged "collusion of all said individual defendants" in a conspiracy to deprive the Trust of its constitutionally-protected rights. Before the Court are five motions to dismiss filed by various Defendants (Docs. 18, 19, 21, 24, 28), and Mr. Hartnett's motion for extension of time to file a response (Doc. 33). Because Mr. Hartnett is not an attorney, he cannot bring this action on behalf of the Trust, and this case is therefore dismissed with prejudice.

# I.    Factual and Procedural Background

Ronald Bruce Hartnett is the Fiduciary Trustee of the Living Trust of Arnold L. & Bette M. Hartnett ("the Trust").  Mark W. Hartnett is the Beneficiary Trustee, and Lonnie J. Hartnett and Lex L. Hartnett are the beneficiaries.  On February 12, 2018, Ronald Bruce Hartnett filed a Complaint on behalf of the Hartnett Trust, stating:

> The Plaintiffs herein, Ronald Bruce, [sic] Hartnett, Fiduciary Trustee for the [Hartnett Trust], not pro se, but *in propria persona*, by Right of Visitation, and by his own authority make this Special Appearance, in his natural person and complains against Defendants above named for depriving Plaintiffs of Constitutional protected Birth Rights under color of Federal Law, in the abuse of Administrative Due Process, custom or usage, conspiracy to so deprive and/or failure, neglect or refusal to protect plaintiffs from said conspiracy in using only selective Statutes/Federal Regulations (CFR) for enforcement.[1]

The Complaint names as Defendants: "The Farm Service Agency, United States Department of Agriculture;" Val J. Dolcini and Dana E. Dolcini; Adrian J. Polansky and Kristine A. Polansky; Terry Hawk and Mrs. Terry Hawk; James Baxa and Mrs. James Baxa; Steven A. Gabrial and Mrs. Steven A. Gabrial; C.Z. Thompson and Brad Thompson; Mark Hendrickson and Mrs. Mark (FNU) Hendrickson; and "Does 1–20."

Mr. Hartnett brings this action on behalf of the Trust "for Money Damages in an apparent collusion of all said individual defendants in the Deprivation/Theft of Private Property (proceeds of contract, or crop production), for Conspiracy to Deprive Plaintiffs of Constitutional Protected Rights and for Failure to Protect Plaintiffs from Conspiracy to Deprive."  The factual allegations

---

[1] Although Mr. Hartnett disavows use of the term "pro se," and instead chooses to bring this action "*in propria persona*," the terms are synonymous and the Court will use the term "pro se" when discussing Mr. Hartnett's self-representation.  *See Neighbors v. Lawrence Police Dept.*, 2016 WL 3685355, at *3 (D. Kan. 2016) (noting that "[s]everal courts, including our own, have recognized that *in propria persona* has historical significance as a former rule of pleading, but the term *in propria persona* is out dated, at least having a separate legal meaning," and that the Supreme Court and the Tenth Circuit use the term "pro se" when discussing self-representation) (citations and quotations omitted).

are difficult to follow.  It appears that the Trust was denied Conservation Reserve Program benefits by the Department of Agriculture in 2013, which Mr. Hartnett claims was a "Breech [sic] of Contract."  The Trust then began the "Administrative Process" to appeal the denial of benefits. Apparently, the Trust's administrative appeals within the Farm Service Agency and Department of Agriculture were ultimately unsuccessful due to Defendants' conspiracy against the Trust.

In total, Defendants have filed five motions to dismiss.  Four of the motions were filed between March 23 and April 19, 2018.  On April 30, 2018, Defendants James Baxa, Val Dolcini, Steven Gabrial, Terry Hawk, Mark Hendrickson, Adrian Polansky, C.Z. Thompson, and the Department of Agriculture filed a motion to dismiss, or in the alternative, to stay this case and set a deadline for Plaintiffs to hire an attorney licensed to practice in the Court (Doc. 32).  In the motion, Defendants argue that the case should be dismissed because it has been filed by a person who is not admitted to practice law and therefore cannot represent the trust and its beneficiaries in federal court.  Defendants counsel represents that, prior to filing the motion, counsel contacted Mr. Hartnett to discuss this issue.  This conversation revealed that Mr. Hartnett "did not understand that his ability to serve as the Trustee for the living trust in regard to its general operations did not also confer upon him the ability to file pleadings in federal district court on behalf of the trust which has more than one beneficiary."[2]

On May 2, the Court received a letter from Mr. Hartnett dated April 27.  Mr. Hartnett indicated that he spoke with Defendants' counsel who told him that he is not able to represent the Trust as a non-attorney.  He asked:

> Is he correct, or as I've read elsewhere, as the Fiduciary I am able to Represent [sic] the Trust in Federal District Court?

---

[2] Doc. 28, p. 2 n.1.

> Another question, since both Kansas USDC Local Rule, and FRCP Rule 7(a)(7); 12(a)(1)(C); and 12(a)(4)(B) all state that any Reply/Response are IF the Court Orders one is due after either 14 or 21 days after the order, doesn't that mean that we are NOT to Reply nor Respond until After the Court directs us too? [Sic].

The Court sent Mr. Hartnett a response letter on May 4.  The Court informed Mr. Hartnett that the Court is prohibited from giving legal advice to pro se litigants regarding their case.  However, the Court did inform Mr. Hartnett that he could not represent the trust in federal district court.  Finally, the Court directed Mr. Hartnett to Local Rule 6.1(d) for response and reply deadlines.

On May 7, Mr. Hartnett filed a "Motion to Dismiss Motion to Dismiss [sic] and Motion to Stay the Case and Set a Deadline for Plaintiffs to Obtain Licensed Representation."[3]  In this filing, Mr. Hartnett explained that he had been inflicted with the West Nile Neuroinvasive Disease.  Because of his illness, he was unable to file the Complaint until the statute of limitations had nearly expired.  Additionally, his illness has caused "difficulties of memory, motion, thinking process, reliable voice and [has impaired] the ability to effectively produce the necessary documents of this case."  Because Mr. Hartnett believes the statute of limitations has now expired, he requested that the Court dismiss (deny) Defendants' motions to dismiss.  Additionally, Mr. Hartnett conceded that he is unable to lawfully represent the Trust "in his own person," and requested a stay to provide him time to obtain legal representation for the Trust.[4]

---

[3] The Court considers this filing to be a response to Defendants' fifth motion to dismiss.

[4] According to Mr. Hartnett, in his "past experience within both the Kansas State Courts and the Federal Courts, throughout including the United States Supreme Court in personal Cases [sic], this is the 1st time that the issue of Representing [sic] both himself and an associate have come under question." Doc. 31, p. 2.  A quick review of the caselaw demonstrates that Mr. Hartnett is an experienced pro se litigant.  *See, e.g.*, *Hartnett v. Franklin*, 528 U.S. 953 (1999) (denial of writ of certiorari); *City of Ensign v. Hartnett*, 2013 WL 2936333 (Kan. Ct. App. 2013) (unpublished). Mr. Hartnett and Dennis Netherton brought a pro se action together as co-plaintiffs in *Hartnett v. City of Ensign, Kan.*, 2015 WL 2402829 (D. Kan. 2015).  However, it does not appear that Mr. Hartnett "represented" Mr. Netherton in that action.

On May 14, Mr. Hartnett filed a "Motion to File Plaintiff's Response to Motion(s) to Dismiss Out-of-Time Instanter." Mr. Hartnett represents that because co-defendants' motions to dismiss came in at different times, with similar arguments, he became unsure of the proper procedure to reply to the motions. He then explained that he did not receive a response to his letter from the Court until May 7, and that was the first time he was told that his response should have been filed within 21 days. Thus, Mr. Hartnett requested leave to file his response out-of-time, which he filed separately on that same day.

To date, a licensed attorney has not entered an appearance on behalf of the Trust.

## II.    Discussion

Defendants have collectively filed five motions to dismiss that are now before the Court. The Court will first address the threshold issue: whether Ronald Bruce Hartnett has standing to bring a pro se action on behalf of the Trust.

"In all courts of the United States the parties may plead and conduct *their own* cases personally . . . ."[5]  This portion of the statute "has been uniformly construed as authorizing individuals who are parties to an action to appear in propria persona, but only where they are representing themselves alone, asserting their own personal rights or interests exclusively."[6]  If a pro se litigant is not the actual "beneficial owner of the claims being asserted," they are not conducting their "own case personally" within the meaning of 28 U.S.C. § 1654.[7]  This axiom is

---

[5] 28 U.S.C. § 1654 (emphasis added).

[6] *Alpha Land Co. v. Little*, 238 F.R.D. 497, 499 (E.D. Cal. 2006) (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962)).

[7] *Id.*; *C.E. Pope Equity Trust*, 818 F.2d at 697.

reflected in holdings barring non-attorneys from representing corporations, partnerships, unincorporated associations, and, importantly here, trusts.[8]

In this case, Ronald Bruce Hartnett has signed the Complaint, and all other filings, in a pro se capacity. Although Mr. Hartnett claims to have significant experience litigating various matters in state and federal court, he is not an attorney. Mr. Hartnett is simply the Trust's fiduciary trustee; he is not a beneficiary. Indeed, the Trusts' two beneficiaries are Lonnie J. Hartnett and Lex L. Hartnett. Because Ronald Bruce Hartnett is not the beneficial owner of the claims being asserted, he cannot be viewed as a "party" conducting his "*own* case personally" within the meaning of § 1654.[9] Thus, Mr. Hartnett is barred from representing the Trust and he lacks prudential standing to bring this action on its behalf.[10]

The Tenth Circuit has not decided whether it is appropriate to dismiss a complaint under Rule 12(b)(6), rather than Rule 12(b)(1), when the plaintiff lacks prudential standing.[11] However, "such standing isn't jurisdictional," so the majority of courts "have concluded that dismissals under

---

[8] *See Rowland v. Cali. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) ("28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.") (citations omitted); *Knoefler*, 20 F.3d at 348 ("A nonlawyer, such as these purported [pro se trustees], has no right to represent another entity, i.e., a trust, in a court of the United States."); *C.E. Pope Equity Trust*, 818 F.2d at 697–98 ("He may not claim that his status as trustee includes the right to present arguments pro se in federal court."); *but see Olisa Found. v. Purdue Univ.*, 2014 WL 11512590, at *2 (D.N.M. 2014) (acknowledging that a trustee could represent the relevant trust when the trustee is the real part in interest and the sole beneficiary of the trust) (citation omitted).

[9] *C.E. Pope Equity Trust*, 818 F.2d at 697.

[10] *RMA Ventures Cali. v. SunAmerica Life Ins. Co.*, 576 F.3d 1070, 1073 (10th Cir. 2009) ("A well-founded prudential-standing limitation is that litigants cannot sue in federal court to enforce the rights of others.") (citations omitted); *see also* Fed. R. Civ. P. 17(a) (establishing that only the real party in interest is permitted to bring an action in federal court).

[11] *VR Acquisitions, LLC v. Wasatch Cty.*, 853 F.3d 1142, 1147 n.4 (10th Cir. 2017).

-6-

Rule 12(b)(6) for lack of prudential standing are appropriate."[12]  The Court agrees with these cases. Because Mr. Hartnett, as a non-lawyer, was not permitted to proceed pro se on behalf of the Trust, he can prove no set of facts entitling him to relief.[13]  Thus, the Court dismisses his complaint with prejudice pursuant to Rule 12(b)(6).

### III.    Conclusion

"A federal court rightly expects a lawyer to represent a litigant."[14]  "By its supervision of the bar and through its reliance on the lawyers before it, the court is enabled to function."[15] "Professional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response."[16]

Mr. Hartnett is an experienced pro se litigant, but he is not an attorney.  Only a licensed attorney, subject to the Rules of Professional Conduct, may represent the rights or interests of

---

[12] *Id.  See, e.g.*, *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012) (affirming Rule 12(b)(6) dismissal of complaint brought by administratrix on behalf of estate in a pro se capacity because administratrix was not authorized to represent the estate); *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011) ("Unlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)."); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–67 (9th Cir. 2008) (affirming Rule 12(b)(6) dismissal of ERISA claims brought by pro se plaintiff because the statute does not authorize representative appearance by a pro se plaintiff).

[13] *See Franklin*, 462 F. App'x at 930 ("Because [plaintiff], as a non-lawyer, was not permitted to proceed *pro se* on behalf of [the deceased's] estate, she can prove no set of facts entitling her to relief.  Thus, the district court properly dismissed her complaint pursuant to Rule 12(b)(6).").

[14] *C.E. Pope Equity Trust*, 818 F.2d at 698.

[15] *Id.*

[16] *Id.*

others.[17]  Accordingly, Mr. Hartnett did not have prudential standing to bring this action on behalf of the Trust, and the Complaint must be dismissed with prejudice.[18]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 28) is hereby **GRANTED** and Ronald Bruce Hartnett's claims against Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 18) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 19) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 21) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 24) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that Ronald Bruce Hartnett's Motion for Extension of Time to File a Response (Doc. 33) is **DENIED AS MOOT.**

---

[17] *See* Kan. Rules of Prof'l Conduct 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.").

[18] The case is dismissed with prejudice to refiling with respect to Mr. Hartnett because he is not the beneficial owner of any of the claims being asserted.  He cannot bring another pro se action on behalf of the Trust.  However, to the extent this action could be interpreted to have been brought by the Trust, the case is dismissed without prejudice. If it wishes to do so, the Trust may file a new complaint through a licensed attorney capable of providing competent representation.

**THIS CASE IS CLOSED.**

**IT IS SO ORDERED.**

Dated this 12th day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE